IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| SIDNEY POOLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 3:08cv900-CSC |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

**I.  Introduction**

The plaintiff applied for supplemental security income benefits under Title XVI of the

Social Security Act,  42 U.S.C. § 1381 et seq. alleging that he was unable to work because

of a disability.  His application was denied at the initial administrative level.  The plaintiff

then requested and received a hearing before an Administrative Law Judge ("ALJ").

Following the hearing, the ALJ also denied the claim.  The Appeals Council rejected a

subsequent request for review.  The ALJ's decision consequently became the final decision

of the Commissioner of Social Security (Commissioner).[1]  *See  Chester v. Bowen*, 792 F.2d

129, 131 (11th Cir. 1986).  The case is now before the court for review pursuant to 42 U.S.C.

§§ 405 (g) and 1631(c)(3).  The parties have consented to the United States Magistrate Judge

---

[1] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub.L. No.
103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social
Security matters were transferred to the Commissioner of Social Security.

conducting all proceedings in this case and ordering the entry of final judgment, pursuant to 28 U.S.C. § 636(c)(1) and M.D. Ala. LR 73.1.  Based on the court's review of the record in this case and the briefs of the parties, the court concludes that the decision of the Commissioner should be reversed and remanded to the Commissioner for further proceedings.

## II.  Standard of Review

Under 42 U.S.C. § 423(d)(1)(A) a person is entitled to disability benefits when the person is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . .

To make this determination,[2] the Commissioner employs a five-step, sequential evaluation process.  *See* 20 C.F.R. §§ 404.1520, 416.920.

> (1)  Is the person presently unemployed?
> (2)  Is the person's impairment severe?
> (3)  Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1?
> (4)  Is the person unable to perform his or her former occupation?
> (5)  Is the person unable to perform any other work within the economy?

> An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability.  A negative answer to any question, other than step three, leads to a determination of "not

---

[2]  A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

disabled."

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[3]

The standard of review of the Commissioner's decision is a limited one.  This court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997).  "Substantial evidence is more than a scintilla, but less than a preponderance.  It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  A reviewing court may not look only to those parts of the record which supports the decision of the ALJ but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ. *Hillsman v. Bowen*, 804 F.2d 1179 (11th Cir. 1986).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

### III.  The Issues

**A.  Introduction**.  Plaintiff Sidney Poole ("Poole") was 50 years old at the date of onset of disability and 56 years old at the time of the hearing before the ALJ.  (R. 153 &

---

[3] *McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986) is a supplemental security income case (SSI). The same sequence applies to disability insurance benefits.  Cases arising under Title II are appropriately cited as authority in Title XVI cases. *See e.g. Ware v. Schweiker*, 651 F.2d 408 (5th Cir. 1981) (Unit A).

157).  He has a college education.[4]  (R. 158-59).   Poole alleges that he is unable to work due in part to pain in his knees and back.  (R. 162).

Following a hearing, the ALJ concluded that the plaintiff had severe impairments of "degenerative arthritis of the left knee, chronic obstructive pulmonary disease, and asthma." (R. 25).  The ALJ concluded that Poole's prior work experience includes light, unskilled work as a cafeteria attendant[5] and very heavy, unskilled work as a roofer's helper.  (R. 23). The ALJ further concluded that the plaintiff could perform his past relevant work as a cafeteria attendant.  (*Id*.).  Nonetheless, out of an abundance of caution, the ALJ proceeded to the fifth step of the sequential analysis.  Relying on the testimony of the vocational expert, the ALJ concluded that the plaintiff was not disabled because he had the residual functional capacity to perform work that exist in significant numbers in the national economy.  (*Id*.).

**B. Plaintiff's Claims**.  As stated by the plaintiff, he presents the following two issues for the Court's review.

Whether substantial evidence supports the Commissioner's denial of Mr. Poole's disability claim where the Administrative Law Judge:

A.  Improperly rejected the opinions of the consultative examiner state agency consultant (sic); and

B.  Failed to make a proper residual functional capacity

---

[4]  The plaintiff testified that he obtained his college degree in business from Mercer University while he was incarcerated.

[5]  During two administrative hearings, the vocational expert testified that Poole's prior work experience as a commercial cleaner in a restaurant was medium, unskilled work.  (R. 136 & 142).

4

determination and therefore failed to pose a proper hypothetical.

(Pl's Br. in support of Compl., at 1-2).

## IV.  Discussion

The plaintiff raises several arguments related to this court's ultimate inquiry of whether the Commissioner's disability decision is supported by the proper legal standards and substantial evidence.  *See Bridges v. Bowen*, 815 F.2d 622 (11th Cir. 1987).  However, the court pretermits discussion of the plaintiff's specific arguments because the court concludes that the ALJ erred as a matter of law, and, thus, this case is due to be remanded for further proceedings.

Sometimes the court wonders whether the administrative record which the court reviews is the same record the ALJ reviewed.  During the administrative hearing, Poole testified that he has been using a cane for "about two years," as prescribed by his treating physician.  (R. 162).  He has pain in his knees and his back, his knees swell, (R. 162-63), and that he is unable to stand for over twenty (20) minutes.  (R. 133).  While incarcerated, Poole was excused from work duty due to his back and leg pain, and he was assigned a low bunk.  (R. 163-64).  Poole further testified that he cannot bend or stoop.  (R. 169).

The medical evidence plainly establishes that the claimant suffers from back and knee problems.  For example, an cervical spine x-ray on May 2, 2001, indicated "[s]light degenerative disk disease C4, C5.  No fracture or dislocation.  Ligament calcification to the C4/C5, C5/C6, C6/C7 disk spaces."  (R. 178).  An x-ray of the spine on October 3, 2002,

5

revealed "narrowing of the L4-5 disk space." (R. 277). X-rays on September 8, 2006

indicated "C4 through C6 spondylosis" and "small anterior and right lateral osteophytes at

the T7 through T12 levels." (R. 315). A lumbar spine x-ray also revealed

> (1)    Calcification of abdominal aorta without evidence of aneurysm.
> (2)    Degenerative disc disease at L4-5 without reactive sclerosis involving the adjacent end plates.
> (3)    Posterior hypertrophic spurring of inferior L4 most likely producing a mild acquired spinal stenosis at L4.
> (4)    Mild thinning of L5-S1 interspace most likely representing mild degenerative disc disease.

(R. 316).

Despite Poole's testimony and the objective medical evidence in the record, the ALJ

in his analysis of the evidence simply ignores evidence that Poole suffers from degenerative

disc disease and chronic back pain. Although the ALJ mentions Poole's 2002 x-rays and

evidence of "some disk space narrowing," (R. 18), he makes no findings regarding Poole's

back condition or his pain related to this condition in his disability determination. The ALJ

must conscientiously probe into, inquire of and explore all relevant facts to elicit both

favorable and unfavorable facts for review. *Cowart v. Schweiker,* 662 F.2d 731, 735-36 (11th

Cir. 1981). The ALJ's recitation of some of the medical evidence is simply not a substitute

for articulating clear findings regarding the claimant's impairments and abilities to perform

work. The ALJ must also state, with sufficient specificity, the reasons for his decision

referencing the plaintiff's impairments, and the court must scrutinize the record in its entirety

to determine the reasonableness of the ALJ's decision. *See Walker,* 826 F.2d at 999.

6

Consequently, while it is plain that the plaintiff suffers from degenerative disc disease in his back, what is not plain is the effect of that condition, and its attendant pain, on Poole's ability to work. Thus, the court is unable to conclude that the ALJ's decision that Poole is not disabled is supported by substantial evidence.

Furthermore, the ALJ failed to properly develop the record regarding Poole's problems with his right leg and knee. At the request of the Social Security Administration, Poole had a physical consultative evaluation by Dr. Daryl A. Ellis ("Ellis") on August 22, 2002. (R. 266-68). During that evaluation, Dr. Ellis reported that Poole's

> hip flexion is significantly diminished with right hip flexion perhaps to about 45 degrees, left hip flexion about the same. External rotation, with a great deal of pain is to about 30 degrees on the right, probably about 40 degrees on the left.
> His knee exam shows him to have significant valgus deformity with marked tenderness on palpation of the medial and lateral epicondyles of both knees, **right greater than left**. There is no palpable effusion but there is synovial thickening noted on the right side. Range-of-motion of the knees: **right knee he can flex probably to about 80 degrees. Extension is not complete, probably about 5 degrees**. Left knee: he has complete extension. Flexion to about 90 degrees. Ankles: no significant swelling although he's tender on palpation of the medial and lateral malleolus. There is full range-of-motion noted around the ankles.
>
> *       *       *
>
> His gait is significantly ataxic. He walks in kind of a stooped position, very wide-based, kind of a shuffling, limping gait. He does not use an assistive device but probably could use one based upon the way that he walks.
>
> ASSESSMENT: **This patient demonstrates objective and subjective signs consistent with disability. I don't believe that he's really ever gotten anything in terms of Re-Hab or a shot at any kind of significant treatment**

**for his ailments.**

\*       \*       \*

We did a **right knee film, AP and lateral, which showed positive marked joint space narrowing of the medical epicondyle of that knee with significant osteophyte formation.**

RECOMMENDATION: **This patient is significantly disabled.  Unless we can get him onto a treatment and Rehabilitation Program, he should be receiving Disability**.

(R. 267-68) (emphasis added).

In addition,  a hip x-ray on October 3, 2002, revealed "[l]ateral osteophytes . . . on the superior acetabular margin." (R. 279).  Despite Dr. Ellis' assessment and the x-ray of his hip, the ALJ makes no findings regarding Poole's right knee or his pain related to this condition in his disability determination.[6]  Although the ALJ references Dr. Ellis' report in his recitation of the medical evidence, the ALJ completely ignores his report when discussing Poole's impairments or his residual functional capacity to perform work.  The ALJ is not free to simply reject a physician's opinion without reason, nor may he pick and choose between the opinions selecting those portions which support his ultimate conclusion.  Because the ALJ ignores Dr. Ellis' report, he ignores Dr. Ellis' assessment that Poole is "significantly disabled."  (R. 268).

An administrative law judge has a duty to develop a full and fair record.  *Kelley v. Heckler,* 761 F.2d 1538 (11th Cir. 1985).  In fulfilling his duty to conduct a full and fair

---

[6]  In his decision the ALJ mentions that the plaintiff testified that his most severe medical problem was his "knees."  (R. 22).

inquiry, the administrative law judge is not required to order a consultative examination unless the record establishes that such an examination is necessary to enable the administrative law judge to render a decision. *Holladay v. Bowen*, 848 F.2d 1206, 1210 (11th Cir. 1988). Where a consultative evaluation is needed to make an informed decision, it is error for an ALJ not to order such an evaluation. *Reeves v. Heckler*, 734 F.2d 519 (11th Cir. 1984). The court concludes that the Commissioner inadequately developed the record in this case by failing to further inquire into the plaintiff's right knee impairment or order additional evaluations to clarify the status of plaintiff's right knee.

As a result of the ALJ's failure to develop the record regarding the condition of Poole's right knee, there are inconsistencies in the evidence concerning the plaintiff's right knee and the effect of that condition on Poole's ability to work. When there is a conflict, inconsistency or ambiguity in the record, the ALJ has an obligation to resolve the conflict, giving specific reasons supported by the evidence as to why he accepted or rejected one opinion regarding the plaintiff's capacity for work over another. In this case, the ALJ chose to rely on evidence that Poole's degenerative joint disease of the left knee was not disabling and ignored the conflicting evidence that suggests that suggests Poole may be disabled due to his right knee condition. (R. 20). An ALJ may not arbitrarily pick and choose facts from the medical evidence to support his conclusion without articulating specific, well supported reasons for crediting some evidence while discrediting other evidence. *Marbury v. Sullivan*, 957 F.2d 837 (11th Cir. 1992). "In the absence of such a statement, it is impossible for a

9

reviewing court to determine whether the ultimate decision on the merits is rational and supported by substantial evidence." *Cowart*, 662 F.2d at 735. "Failure to do so requires the case be vacated and remanded for the proper consideration." *Hudson v. Heckler,* 755 F.2d 781, 785 (11th Cir. 1985). Without developing the record more fully regarding both of the plaintiff's knees, the ALJ could not make an informed decision based on the record before him, and thus, his decision is not supported by substantial evidence.

Finally, the ALJ determined that Poole has "the residual functional capacity to lift and carry 50 pounds occasionally and lesser amounts more frequently and would be capable of performing work that provided for a sit/stand option or otherwise engage in work that involves a change in position between sitting, standing and walking." (R. 20). Unfortunately, the ALJ makes no more specific findings regarding Poole's residual functional capacity. Consequently, the court is unable to determine what evidence the ALJ relied upon to reach his decision, and whether that decision is supported by substantial evidence.

For these reasons, the court concludes that the Commissioner erred as a matter of law, and that the case should be remanded for further proceedings regarding the severity of the plaintiff's degenerative disc disease, his right knee condition coupled with his attendant pain, his left knee condition,[7] and the effect of these conditions on his ability to work. Even if the ALJ concludes that Poole's back and right knee conditions are not severe impairments, he

---

[7] In 2006 an x-ray of Poole's left knee showed "marked degenerative arthropathy of the patellofemoral and medial joint compartments . . ." (R. 314).

must still consider every impairment alleged by the plaintiff and determine whether the alleged impairments are sufficiently severe - either singularly or in combination - to create a disability. *See Gibson v. Heckler,* 779 F.2d 619, 623 (11th Cir. 1986). All of the plaintiff's impairments must be considered in combination, even when the impairments considered separately are not severe. *Hudson*, 755 F.2d at 785. In this case, it is clear that the ALJ failed to meet his burden with respect to evaluating all the evidence of the plaintiff's impairments in combination. Thus, doubt is necessarily cast upon the ALJ's conclusion that the plaintiff is not disabled.

### V.  Conclusion

Accordingly, this case will be reversed and remanded to the Commissioner for further proceedings consistent with this opinion.

A separate order will be entered.

Done this 5th day of February, 2010.


_____/s/Charles S. Coody_____
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE

11